**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CAUSE NO. 2:11-CR-015 |
| FELICIA SALLAY, | ) ) | |
| Defendant. | ) ) | |

**OPINION AND ORDER**

This matter is before the Court on the Petition for Review of Detention Order pursuant to 18 U.S.C. § 3145(b), filed by defendant, Felicia Sallay, on March 29, 2011 (DE #17). The Court has reviewed the electronic recording of the detention hearing held before Magistrate Judge Andrew P. Rodovich on March 22, 2011, all evidence submitted at that hearing, and the order of detention issued on March 30, 2011. After consideration of the foregoing and for the reasons set forth below, defendant's requests that the Court revoke the Detention Order or amend the Detention Order to require the defendant to be on home detention are **DENIED**. This Court **ORDERS** that Felicia Sallay remain **HELD WITHOUT BOND**.

BACKGROUND

An Indictment was filed on January 20, 2011, alleging that, from approximately December 2008 until June 2009, defendant Felicia Sallay ("Sallay"), along with three co-defendants, knowingly and with the intent to defraud, passed falsely made and counterfeited one-hundred ($100.00) dollar bills in violation of United States Code, Title 18, Sections 2 and 472. (DE #1.) An arrest warrant was issued, and Sallay was arrested on March 14, 2011. (DE #12.) On March 22, 2011, a hearing was held before Magistrate Judge Andrew P. Rodovich ("Judge Rodovich"). (DE #16.) Sallay appeared in person with her attorney, Michael W. Bosch ("Attorney Bosch"), and present for the Government was Assistant United States Attorney Randall M. Stewart ("AUSA Stewart"). At that hearing, both the Government and Sallay had full opportunity to produce and present evidence.

The Government presented evidence by way of proffering the bond report. When asked by Judge Rodovich, the Government stated that Sallay faces a maximum of twenty years imprisonment and a fine of $250,000 for the crime charged in the Indictment. Attorney Bosch proffered the bond report and that the outstanding warrant referenced in that report can be recalled. He also stated that, if released, Sallay will be able to reside with relatives who live in Chicago. No other evidence was presented.

The Government proceeded to argue that Sallay presents a flight risk because: (1) she has a twenty year history of contact with law enforcement; (2) she has a severe heroin and cocaine problem; and (3) she has a lengthy history of bond forfeiture and has failed to comply and appear for relatively minor offenses in the past. In response, Attorney Bosch argued that: (1) while it is true that the maximum penalties are stiff in this case, based on the amount of money at issue as well as her criminal history, Sallay is likely only looking at a Guideline range of two to eight months; (2) the solution to her mental health issues is not to toss her into jail; (3) her substance abuse issues should be viewed in light of the fact that she has a strong incentive to get clean because the Department of Children and Family Services ("DCFS") will take her three year old daughter away if she does not; (4) she does have a place to reside if released; and (5) while she has been involved in past criminal activity, there is not a serious volume of offenses that are relevant.

At the conclusion of the hearing, Judge Rodovich ordered that Sallay be detained pending trial. He issued a written order of detention on March 30, 2011. (DE #18.) In that order, Judge Rodovich made the following findings of fact: (1) Sallay cannot return to her Section 8 apartment because of her prior criminal record, but, if released on bond, she can reside with her sister-in-law in Chicago; (2) at the time of her arrest, she was

3

unemployed and receiving food stamps and Social Security disability benefits because of her mental health issues; (3) Sallay admitted to using cocaine and heroin on a regular basis; and (4) Sallay has an extensive criminal record and has used three aliases in the past. (*Id*. at 1-4.) Pursuant to the bond report, Judge Rodovich listed Sallay's criminal history as follows:

> A. On November 16, 1992, the defendant was arrested for shoplifting. On December 15, 1992, a bond forfeiture was entered when the defendant failed to appear. This offense occurred in Illinois.
>
> B. On April 19, 1995, the defendant was sentenced to six months imprisonment based upon a battery conviction. This offense occurred in Wisconsin.
>
> C. Also on April 19, 1995, the defendant was convicted of possession of a controlled substance and received a two year prison sentence. This conviction also occurred in Wisconsin.
>
> D. On April 19, 1995, the defendant received five years probation on a bail jumping conviction. This offense also occurred in Wisconsin. Although the defendant was sentenced on the same date, the conduct which formed the basis of the convictions occurred on separate occasions.
>
> E. On October 23, 1996, the defendant was arrested for disorderly conduct. On November 26, 1996, a bond forfeiture was entered when the defendant failed to appear. This offense occurred in Illinois.

F. On August 10, 2004, the defendant was arrested for theft. On October 6, 2004, a bond forfeiture was entered when the defendant failed to appear. The defendant later was arrested, and on February 23, 2006, the defendant was convicted and sentenced to six months probation. This offense occurred in Illinois.

G. On August 24, 2008, the defendant was arrested for theft. On September 8, 2008, a bond forfeiture was issued when the defendant failed to appear. This offense occurred in Illinois.

H. On January 1, 2009, the defendant was arrested for theft. On February 23, 2009, a bond forfeiture was issued when the defendant failed to appear. The defendant later was arrested, and on June 29, 2009, the defendant was placed on court supervision. This offense occurred in Illinois.

I. On June 6, 2009, the defendant was arrested for possession of drug paraphernalia. On August 18, 2009, a bench warrant was issued when the defendant failed to appear. The defendant subsequently was arrested, and a second bench warrant was issued on September 3, 2010, when the defendant again failed to appear. The bench warrant remains outstanding. This case is pending in Indiana.

J. On January 20, 2010, the defendant was arrested for shoplifting. On January 21, 2010, the defendant received a one year conditional discharge. This offense occurred in Illinois.

K. On March 19, 2010, the defendant again was convicted of shoplifting and received a 14 day jail sentence. This conviction occurred in Illinois.

> L. On June 27, 2010, the defendant again was arrested for shoplifting. On August 2, 2010, a bench warrant was issued when the defendant failed to appear. This offense occurred in Illinois.
>
> M. On December 20, 1020, the defendant was arrested for shoplifting. On January 24, 2011, a bond forfeiture was entered when the defendant failed to appear. This offense occurred in Illinois.

(*Id*. at 2-4.) Based on these facts, Judge Rodovich concluded that there was a serious risk that the Sallay would not appear. The reasons provided by Judge Rodovich for detention were specified as follows:

> In the instant case, the defendant has failed to appear for scheduled proceedings on nine separate occasions in three different states. There is one outstanding warrant for a failure to appear in Indiana. Additionally, the defendant has used three difference aliases.
>
> The defendant was unemployed at the time of her arrest and was receiving Social Security disability payments. Because of her criminal record, the defendant cannot return to her Section 8 apartment. In the prebond report, the defendant also admitted to using cocaine and heroin on a regular basis. [Citation omitted.]

(*Id*. at 4.) Judge Rodovich concluded that Sallay is a flight risk and that "[u]nder all of the circumstances, it is unlikely that the Probation Department could effectively monitor the defendant if released on bond." (*Id*.)

6

On March 29, 2011, Sallay filed the instant Petition for Review of Detention Order. (DE #17.) In the motion she argues that "the events for which the Defendant is charge [sic] occurred almost two years ago," that she "has a place to reside," and that if she is found guilty, "the United States Sentencing Guidelines have her at an Offense Level 9." (*Id*. at 1.) Sallay presents no new evidence, nor does she offer any additional arguments or case law.

DISCUSSION

18 U.S.C. Section 3145(b) provides for district court review of a magistrate's release or detention order. Pursuant to this provision, the district court must conduct a *de novo* review and need not defer to the magistrate's findings. *United States v. Levine*, 770 F. Supp. 460, 465 (N.D. Ind. 1991)(citations omitted); *United States v. Shaker*, 665 F. Supp. 698, 701 (N.D. Ind. 1987)(citations omitted).

The district court's review of a magistrate judge's detention order may be conducted either by reviewing the transcript, or by holding a new hearing. *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991). Although the district court has the *authority* to conduct a new hearing, it is not required. 18 U.S.C. Section 3142(f) provides that detention hearings "may be reopened, before

or after a determination by the judicial officer . . . if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Sallay does not specifically request a new hearing, and she has offered nothing that would satisfy this threshold requirement for re-opening the detention hearing. As such, this Court exercises its discretion to conduct its *de novo* review without hearing additional evidence or argument.

Under the Bail Reform Act of 1984 (the "Act"), a defendant shall not be detained pre-trial unless a condition or combination of conditions will not reasonably assure (1) the defendant's appearance as required and (2) the safety of any other person and the community. 18 U.S.C. § 3142(e). The Government bears the burden of proving that the defendant is either a flight risk or a danger to the community. *United States v. Daniels*, 772 F.2d 382, 383 (7th Cir. 1985). A finding of either a danger to the community or a flight risk is sufficient to detain a defendant awaiting trial; a court need not find both to detain a defendant under the Act. *United States v. Daniels*, 772 F.2d 382, 383 (7th Cir. 1985). To justify detention based on a risk of flight, it must be established by a preponderance of the evidence that no set of

conditions will reasonably assure the defendant's appearance in court at the required times. *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985).

In determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community, the court must consider: (1) the nature and circumstances of the offense charged, including whether the offense involves a firearm; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

In this case, based on a *de novo* review of the evidence, the Court agrees with and adopts the findings annunciated by Judge Rodovich in the original order of detention. The Court finds there is a serious risk that Sallay will not appear in court; it has been established by a preponderance of the evidence that Sallay poses a risk of non appearance for several reasons.

First, the nature and circumstances of the offense charged weigh in favor of detention. Sallay is facing a maximum term of

imprisonment of twenty years and a fine of up to $250,000. Attorney Bosch argues that, if she is found guilty, she is likely to only face two to eight months in prison based on a Guideline Offense Level 9. However, the fact remains that the maximum possible penalty in this case is severe, and there is no guarantee at this point as to her Guideline range. The Court notes that, according to the bond report, Sallay has a history of forfeiture and failure to appear for relatively minor offenses, so Attorney Bosch's argument that she is unlikely to flee due to potentially insignificant penalties, carries little weight with this Court. Additionally, in the Petition for Review of Detention Order, Attorney Bosch argues that the events for which Sallay is charged occurred almost two years ago; he seems to imply that this fact makes detention based on a risk of nonappearance unnecessary. However, the Court does not find this reasoning persuasive because, according to the bond report, Sallay's unrelated criminal activity and bond forfeitures continued to occur throughout 2009 and 2010.

Next, the history and characteristics of Sallay weigh heavily in favor of detention. In addition to the aforementioned pattern of bond forfeiture and failure to comply with conditions set forth by previous courts, the Court finds that Sallay does not have any employment or significant familial ties to the community. According to the bond report, Sallay has been unemployed for seven or eight years; her last job was as a caregiver to her mother.

Both her mother and father are now deceased, and her boyfriend, Darren Higgenbottom, with whom she previously resided, has also been charged in this case. She cannot return to her previous Section 8 apartment due to her prior felony convictions, and her boyfriend's mother, Ozella Higgenbottom, indicated that Sallay would not be able to reside with her if released due to space concerns. Although Attorney Bosch argues that she has the option of staying in Chicago with her sister-in-law or the wife of her uncle, he has provided no information to the Court regarding these individuals and why residing with one of them would reasonably assure Sallay's appearance in court at the required times.

As to Sallay's mental condition, Attorney Bosch agrees that she suffers from depression and has been diagnosed with bi-polar disorder, but he argues that the solution to that problem is not detention. While the Court acknowledges that detention is not a remedy to mental health issues, Sallay has explained that she was prescribed a psychotropic medication but that she does not take it; as such, the Court assumes that Sallay would remain unmedicated if released on bond. Thus, this factor weighs in favor of detention. Sallay has also admitted to using cocaine and heroin on a daily basis. Attorney Bosch argues that she has an incentive to stay clean because, on approximately March 4, 2011, DCFS became involved with the custody of her three year old child. However, according to the bond report, Sallay indicated that she has five other

children from previous relationships (ages nine through twenty) who live with her uncle in Chicago, and she admits to using drugs on a daily basis since she was thirty-four years old. In light of these facts, the Court is unconvinced that, at this point, DCFS involvement in the life of one of her six children would serve to curtail her severe drug addiction. Therefore, this factor also weighs in favor of detention.

Finally, Attorney Bosch argues that, while she does have a criminal history, it is not significant. The Court disagrees. As noted above, Sallay has a lengthy history of bond forfeitures; she has failed to comply with prior courts' conditions and has repeatedly failed to appear in court at the required times.

Based on the foregoing and after considering all of the factors under 18 U.S.C. Section 3142(g), this Court finds, by a preponderance of the evidence, that Sallay is a serious flight risk and that no condition or combination of conditions will reasonably assure the appearance of Sallay in court as required.

CONCLUSION

For the reasons set forth above, the Petition for Review of Detention Order is **DENIED** (DE #17). This Court **ORDERS** that Felicia Sallay remain **HELD WITHOUT BOND**. Pursuant to 18 U.S.C. Section 3142(i), it is ordered that:

A. Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

B. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel; and

C. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DATED: April 8, 2011**          /s/RUDY LOZANO, Judge
**United States District Court**